**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LONNIE E. WILLIAMS                                                                                          PLAINTIFF

v.                                               No. 4:12CV00393 JLH

ASBURY AUTOMOTIVE GROUP, INC.;
and NP VKW LLC, d/b/a NORTH POINT
MAZDA/VOLKSWAGEN                                                                                      DEFENDANTS

**OPINION AND ORDER**

Lonnie E. Williams prevailed against NP VKW, LLC, d/b/a North Point Mazda/Volkswagen, on his claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and now seeks attorneys' fees pursuant to 29 U.S.C. § 626(b) and § 216(b), as well as costs pursuant to 28 U.S.C. § 1920. North Point Mazda/Volkswagen concedes that Williams is entitled to recover his reasonable attorneys' fees, as well as costs, under 28 U.S.C. § 1920, but denies that the fee request is reasonable and contends that some of the requested costs are not recoverable.

Following a bench trial, the Court found in Williams's favor and awarded back pay in the amount of $58,910.78. Because the defendant willfully violated the ADEA, the Court ordered liquidated damages in an equal amount, for a total award of $117,821.56.

Williams now seeks attorneys' fees as follows:

| | | | |
|---|---|---|---|
| Melva Harmon | 426.2 hrs. | $350 per hr. | $149,170.00 |
| Thomas H. McGowan | 119.4 hrs. | $300 per hr. | $35,820.00 |
| Combined Total | | | $184,990.00 |

Harmon and McGowan have submitted separate affidavits, along with itemized time records. In addition, Harmon's fee request is supported by affidavits from attorneys John L. Burnett and Leon Marks, while McGowan's fee request is supported by affidavits from attorneys Stephen Engstrom and John Coulter.

The defendant's response is not supported by affidavits. Rather, the defendant argues that the hourly rates are excessive based upon several past court decisions. The defendant also contends that the fee request should be reduced because both Harmon and McGowan have used block billing.

The starting point for determining the amount of reasonable fees is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). In determining the lodestar, a court may consider such factors as

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3, 103 S. Ct. at 1937 n.3. When the party seeking an award of fees submits inadequate documentation of its hours and rates, "the district court may reduce the award accordingly." *Id.* at 433, 103 S. Ct. at 1939. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434, 103 S. Ct. at 1939-40. After determining the lodestar, other considerations, such as "the important factor of the 'results obtained,'" may lead a court to adjust the fee upward or downward. *Id.* at 434, 103 S. Ct. at 1940. No precise rule or formula exists for making these determinations. *Id.* at 436, 103 S. Ct. at 1941. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437, 103 S. Ct. at 1941. "[A] reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the

community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)).

Both Harmon and McGowan have more than thirty years of experience, much of it devoted to representing plaintiffs in employment discrimination cases. Although Harmon has been licensed to practice law longer than McGowan, the Court does not believe that her time is more valuable than his. Based on the affidavits, as well as the Court's own knowledge of the market,[1] the Court concludes that an hourly rate of $300 is a reasonable hourly rate for attorneys with the qualifications and experience of Harmon and McGowan practicing law in the employment discrimination field in central Arkansas.

Although North Point Mazda/Volkswagen criticizes the block billing utilized by Harmon and McGowan, it does not contend that the hours spent were excessive to any material degree. The Court concludes that the time spent was justified by the demands of the case, which included fairly extensive discovery; preparing a response to a motion for summary judgment that required not only briefing but also the use of numerous evidentiary exhibits obtained during discovery; preparing and

---

[1] "[D]istrict courts may rely on their own experience and knowledge of prevailing market rates." *Trickey v. Caman Indus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013). The Court takes note of the following awards of attorneys' fees in this district: *Fuller v. Fiber Glass Sys., LP*, 618 F.3d 858, 868 (8th Cir. 2010) (finding no abuse of discretion where trial court *sua sponte* reduced hourly rate from $250 to $225 in employment discrimination case); *Bennett v. Nucor Corp.*, No. 3:04CV00291, 2012 WL 3962459, at *4 (E.D. Ark. Sept. 10, 2012) (reducing rates from $525/hour and $625/hour to $375/hour and $350/hour for partners with 25-30 and more than 36 years' experience); *Jackson Bauxite Sch. Dist.*, No. 4:08CV03610 WRW, 2010 WL 3522391, at *1 (E.D. Ark. Sept. 2, 2010) (approving hourly rates in Title VII case of $150, $175, and $250); *Ware v. Little Rock Sch. Dist.*, No. 4:04CV01014 JMM, 2007 WL 2258691, at *4 (E.D. Ark. Aug. 3, 2007) (approving hourly rate in Title VII case of $185); Brief in Support of Plaintiff's Petition for Attorney's Fees and Plaintiff's Bill of Costs at Exh. A, *Brooks v. Little Rock Sch. Dist.*, No. 4:07CV00453 GTE (Document #38) (motion for attorney fees in employment case by attorneys of a leading Little Rock law firm, charging hourly rates of $350, $275, and $260, respectively, while paralegals charged $90).

responding to motions in limine; submitting a pretrial brief; presenting a well-prepared case at trial; and submitting proposed findings of fact and conclusions of law after trial. With respect to the trial, the Court notes that Harmon and McGowan presented Williams's case in a thorough and persuasive but concise manner, which is the hallmark of well-prepared trial advocacy.

The Court has considered the twelve factors enumerated in *Hensley*, but to the extent that they apply in this case, those factors are included in the lodestar. *Cf. Blum v. Stenson*, 465 U.S. 886, 898-99, 104 S. Ct. 1541, 1548-49, 79 L. Ed. 2d 891 (1984). Here, the lodestar calculation includes a determination of the time and labor involved, as well as the novelty and difficulty of the questions, the skill needed to perform the legal service properly, the preclusion of other employment by the acceptance of the case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the case, the amount involved and the results obtained, and the experience, reputation, and ability of the attorneys. None of those factors would support an upward adjustment, nor does Williams request one. Conversely, the consideration of these factors does not support a downward adjustment.

Accordingly, Williams will be awarded fees as follows:

| | | | |
|---|---|---|---|
| Melva Harmon | 426.2 hrs. | $300 per hr. | $127,860.00 |
| Thomas H. McGowan | 119.4 hrs. | $300 per hr. | $35,820.00 |
| Combined Total | | | $163,680.00 |

In addition, Williams seeks costs as follows:

| Date | Description | Expense |
|---|---|---|
| 06/27/12 | Filing Fee/Complaint | $350.00 |
| 08/29/13 | Flynn Legal Services, Little Rock Jon Collins Deposition | $645.15 |
| 08/30/13 | Bushman Court Reporting Copy Wes Thomas Deposition | $78.00 |
| 08/30/13 | Bushman Court Reporting Michael Mantuano Deposition | $487.60 |
| 09/13/13 | Elizabeth Gallo Court Reporting, | |

...

|  |  |  |
|---|---|---|
|  | Atlanta, GA for Domenick Colanero Videoconference | $375.00 |
| 09/13/13 | Elizabeth Gallo Court Reporting Appearance of Videographer Re: Domenick Colanero | $589.97 |
| 09/13/13 | Flynn Legal Services, Little Rock Deposition Domenick Colanero | $921.55 |
| 09/19/13 | Flynn Legal Services, Little Rock Dewayne Bell Deposition | $671.75 |
| 09/26/13 | Images: Copies of Depositions | $54.33 |
| 11/2013 | Subpoena Costs for Trial | $374.04 |
| In house Copies: 3828 @ ten cents each = |  | $382.80 |

(copies of complaint, correspondence, documents produced, exhibit books, etc.)

Total Reimbursable Costs:                                                    $4,930.19

North Point Mazda/Volkswagen contends that most of these costs cannot be recovered under 28 U.S.C. § 1920. Specifically, North Point Mazda/Volkswagen argues that the court reporter fees are not recoverable because they were not "necessarily obtained" for use in litigation. *See* 28 U.S.C. § 1920(2); *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985); *Jackson v. United Parcel Serv., Inc.*, No. 4:07CV00276 GTE, 2008 WL 783344 (E.D. Ark. March 25, 2008). North Point Mazda/Volkswagen also objects to the request for costs for the service of trial subpoenas on the ground that pursuant to section 1920(1) fees of the clerk and marshal are taxable as costs, whereas fees for private process service are not. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Finally, North Point Mazda/Volkswagen objects to copying costs in the amount of $382.80 on the ground that the pleadings and the majority of the documents were submitted electronically to the Court and opposing counsel, so the copying was unnecessary.

In response, Williams points out that portions of all of the depositions were included in his response to the motion for summary judgment, so those costs are recoverable. *Little v. Mitsubishi Motors N. America, Inc.*, 514 F.3d 690, 702 (7th Cir. 2008). He also states that the additional cost to videotape the deposition of Domenick Colanero was necessary because Colanero resides outside

5

of the geographical reach of subpoenas for trial, and Williams did not know until shortly before trial that Colanero would appear in person. Because no objection was made to videotaping the deposition at the time it was noticed, Williams contends that this is a recoverable cost. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897-98 (8th Cir. 2009). Although the videotaped deposition of Colanero was not shown at trial, the Court notes that the transcripts of these depositions were used extensively during trial, so the costs of taking these depositions are recoverable.

Williams concedes that he cannot recover the cost of the private process server in the amount of $181.12, but still seeks, and is entitled to recover, the appearance fees and mileage costs paid to witnesses totaling $191.92. With respect to the copying, Williams notes that he received more than 900 documents in discovery on a CD, which required that the documents be copied. His trial notebook required duplicates exceeding 1,500 pages, and two copies of the depositions of trial witnesses exceeded 1,300 pages. These explanations are adequate to justify the number of copies that were made.

Williams will be awarded his costs of $4,930.19, less the cost of the process servers in the amount of $181.12, for a total cost award of $4,749.07.

## CONCLUSION

For the reasons explained above, the Court awards Lonnie E. Williams attorneys' fees in the total amount of $163,680.00 plus costs in the total amount of $4,749.07, for a total of $168,429.07.

IT IS SO ORDERED this 18th day of March, 2014.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

6